IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SILBERMAN & DIFILIPPO, P.C., ET AL. :      CIVIL ACTION
                                      :
                 v.                         :
                                      :
WESTPORT INSURANCE COMPANY    :       NO.  07-5035

## ORDER-MEMORANDUM

**AND NOW**, this 13th day of March, 2008, upon consideration of Defendant Westport Insurance Company's Motion to Dismiss Count I, or in the Alternative, for Summary Judgment as to Count I (Docket No. 2), Plaintiff's Response, and Westport Insurance Company's Motion for Leave to File a Reply (Docket No. 7), **IT IS HEREBY ORDERED** as follows:

1. Defendant Westport Insurance Company's Motion for Leave to File a Reply (Docket No. 7) is **GRANTED**.

2. Defendant Westport Insurance Company's Motion to Dismiss (Docket No. 2) is **DENIED**.

Plaintiffs Silberman & DiFilippo, P.C. ("S&D") and Michael S. Silberman, Esq., the sole shareholder of S&D, have brought this action against Westport Insurance Corporation ("Westport") alleging breach of contract, bad faith, and breach of a fiduciary duty.  The action concerns a dispute regarding the applicability of an insurance policy issued by Westport to claims in a lawsuit brought against S&D and Silberman in Texas.  Currently before the Court is Westport's motion to dismiss the breach of contract count for failure to state a claim or, in the alternative, for summary judgment.

## I.    BACKGROUND

The Complaint alleges the following, which for purposes of deciding a motion to dismiss we accept as true.   On or about June 12, 2007, Westport issued to S&D a Lawyers Professional Liability

Insurance Policy (the "Policy") bearing the policy number WLW3040085772200.  On October 9, 2007, S&D was served with a complaint in a civil action pending in the United States District Court for the Eastern District of Texas captioned <u>Pilgrim's Pride Corp. v. Blue Ribbon Commodity Traders, Inc., et al.</u>, Case No. 2:07-134 (the "Texas Action").

In the Texas Action, Pilgrim's Pride Corp. ("Pilgrim's Pride") sought to recover amounts that Blue Ribbon Commodities Traders, Inc. ("Blue Ribbon") owed on unpaid invoices by, among other things, enforcing a personal guaranty (the "Guaranty") that bore the signatures of certain Blue Ribbon officers.  (Texas Action Complaint, attached as Ex. B to Defendant's Resp., ¶¶ 4.01-4.25).[1]  Pilgrim's Pride alleged that, on April 10, 2003, Blue Ribbon submitted an application for credit.  (<u>Id.</u> ¶ 4.08).  In connection with this application, Howard Blackman, James Costello, and Dean Kanefsky, officers of Blue Ribbon, purportedly executed the Guaranty.  (<u>Id.</u> ¶ 4.10).  The Guaranty was witnessed and notarized by Donna Manley, an employee of S&D.  (<u>Id.</u> ¶ 4.23).  Relying on the Guaranty, Pilgrim's Pride sold goods on credit to Blue Ribbon.  (<u>Id.</u> ¶ 4.22).  Unbeknownst to Pilgrim's Pride, however, Kanefsky did not personally sign the Guaranty.  (<u>Id.</u> ¶ 4.21).  On July 20, 2007, Blackman informed Pilgrim's Pride in an affidavit that he signed Kanefsky's name to the Guaranty, albeit with Kanefsky's permission.  (<u>Id.</u> ¶ 4.19).  Blackman also stated that he had falsely represented to Manley that Kanefsky had signed the document.  (<u>Id.</u> ¶ 4.20).  Therefore, according to Pilgrim's Pride, Manley had notarized the signature of Kanefsky, representing that she had actually witnessed Kanefsky signing the document, when, in fact, she had not.  (<u>Id.</u> ¶ 4.23).

---

[1]Although the complaint in the Texas Action is not attached to Plaintiffs' Complaint in the instant action, we may properly considered it in the context of a motion to dismiss because it is integral to Plaintiffs' claims and explicitly relied upon in the Complaint.  <u>See</u> <u>In re Rockefeller Ctr. Props., Inc. Sec. Litig.</u>, 184 F.3d 280, 287 (3d Cir. 1999).

Additionally, S&D, the attorneys for Blue Ribbon, returned the Guaranty to Pilgrim's Pride representing that Kanefsky himself had personally signed it even though S&D knew that such representation was false.  (Id. ¶ 4.25).  Pilgrim's Pride asserted the following claims against S&D: fraud/misrepresentation, fraud/non-disclosure, negligent misrepresentation, and negligent supervision and training.  Pilgrim's Pride also asserted claims against Donna Manley.

On October 12, 2007, S&D sent a copy of the complaint in the Texas Action to Westport seeking both defense and indemnity.  On October 22, 2007, Westport informed S&D that it would provide a defense under a reservation of rights.  Westport also suggested to S&D and Donna Manley that they consider engaging a personal attorney to represent their respective interests.

On October 23, 2007, S&D, through its personal attorney, engaged in settlement discussions with Pilgrim's Pride.  S&D and Pilgrim's Pride ultimately entered into a settlement agreement pursuant to which S&D paid $198,000.  Contemporaneous with the settlement negotiations, but before a final settlement was reached, personal counsel for S&D advised Westport of the settlement negotiations and asked Westport to contribute to the settlement and/or assume the claim without a reservation of rights.  Westport refused both requests.  S&D's personal counsel also informed Westport that settling the claims with Pilgrim's Pride would mitigate any judgment the plaintiff would be entitled to receive if it pursued the Texas Action and was successful on its claim.  Westport continued to refuse to contribute to the proposed settlement.

On November 27, 2007, S&D and Silberman commenced this action against Westport alleging breach of contract, bad faith, and breach of a fiduciary duty.[2]

---

[2]It is not clear from the Complaint whether Plaintiffs are alleging a breach of the duty to defend.  However, for purposes of this motion, we will presume that they are.

## II.    STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  Phillips v. County of Allegheny, No. 06-2869, 2008 U.S. App. LEXIS 2513, *17 (3d Cir. Feb. 5, 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)).  "While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level."  Phillips, 2008 U.S. App. LEXIS 2513, * 20 (internal quotations omitted) (citing Twombly, 127 S. Ct. at 1965).

Generally, courts consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding a motion to dismiss.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  However, a court may also consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, such as a document that is integral to or explicitly relied upon in the complaint, In re Rockefeller Ctr. Props., 184 F.3d at 287, or an "undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar., 998 F.2d at 1196.  If matters outside the pleadings and those narrowly defined types of additional materials are presented in connection with a Rule 12(b)(6) motion and the court does not exclude them, the court shall treat the motion as one for summary judgment and dispose of it as provided in Rule 56 after giving the parties reasonable opportunity to

present all material pertinent to the a motion.  <u>See</u> Fed. R. Civ. P. 12(b).

## III.   DISCUSSION

Under Pennsylvania Law, the elements of a breach of contract claim are: (1) the existence

of a valid contract; (2) a breach of a duty imposed by the contract; and (3) resultant damages.  <u>J.F.</u>

<u>Walker Co., Inc. v. Excalibur Oil Group, Inc.</u>, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002); <u>Gorski</u>

<u>v. Smith</u>, 812 A.2d 683, 692 (Pa. Super. Ct. 2002).  Pursuant to an insurance contract, an insurer has

a duty to defend whenever the "underlying complaint may 'potentially' come within the insurance

coverage."  <u>Frog Switch & Mfg. Co. v. Travelers Ins. Co.</u>, 193 F.3d 742, 746 (3d Cir. 1999) (citing

<u>Erie Ins. Exch. v. Transamerica Ins. Co.</u>, 533 A.2d 1363, 1368 (Pa. 1987)).  In determining whether

there is a duty to defend, the factual allegations of the underlying complaint against the insured are

to be taken as true and liberally construed in favor of the insured.  <u>Id.</u> (citing <u>Biborosch v.</u>

<u>Transamerica Ins. Co.</u>, 603 A.2d 1050, 1052 (Pa. Super. Ct. 1992)).  The court must also resolve all

doubts as to coverage in favor of the insured.  <u>Biborosch</u>, 603 A.2d at 1052.  The duty to indemnify,

on the other hand, arises only if the damages the insured must pay are actually within the policy

coverage.  <u>Lucker Mfg. v. Home Ins. Co.</u>, 23 F.3d 808, 821 (3d Cir. 1994).

Westport argues that the breach of contract claim should be dismissed because an exclusion

in the Policy precludes coverage for the claims asserted in the Texas Action.[3]  Specifically, it notes

that the Policy contains the following pertinent exclusion:

> [T]his COVERAGE UNIT shall not apply to any CLAIM based upon, arising out of,
> attributable to, or directly or indirectly resulting from:

---

[3]Although the Policy is not attached to the Complaint, we may properly considered it in the context of a motion to dismiss because it is integral to Plaintiffs' claims and explicitly relied upon in the Complaint. <u>See</u> <u>In re Rockefeller Center Properties</u>, 184 F.3d at 287.

* * *

E.      the certification or acknowledgment by any INSURED, in his or her capacity
        as a Notary Public, of a signature on a document which the INSURED did not
        witness being placed on the document;

* * *

(Policy, attached as Ex. A to Defendant's Response, at 3-4) (the "Notary Exclusion"). Additionally,

the Policy defines an "INSURED" to mean, among other things, "any non-lawyer who was or is an

employee of the NAMED INSURED, but only while acting within the scope of such person's duties

as an employee of the NAMED INSURED. . . ." (Id. at 5). Based on the allegations in the Texas

Action and the Notary Exclusion, Westport argues that Plaintiffs' breach of contract claim should

be dismissed for failure to state a claim because the Texas Action involves the certification or

acknowledgment by an insured, as a notary public, of a signature on a document that the insured did

not witness. Specifically, Westport contends that the claims in the Texas Action against both

Manley and S&D arise out of Manley's certification or acknowledgment, as a notary, that Kanefsky

signed the Guaranty when she did not actually witness him do so. Westport further contends that,

because Manley was an employee of S&D, she was an "insured" under the Policy.

In their Response to Westport's Motion to Dismiss, Plaintiffs assert, inter alia, that Manley

was not an "insured" within the meaning of that term as defined in the Policy. Plaintiffs contend

that, according to the Policy, any non-lawyer who was or is an employee of S&D is an insured, but

only while acting within the scope of such person's duties as an employee. Plaintiffs argue that

Manley was not acting within the scope of her employment when she notarized the Guaranty.

Plaintiffs further contend that it is inappropriate for Westport to assume that Manley was an

"insured" simply because she was an employee of S&D and to further assume that she was acting

within the scope of her duties as an employee when she acted as a notary.

As an initial matter, the Complaint in the instant action alleges the basic elements of a breach of contract claim, i.e., that there was a valid contract between Plaintiffs and Westport, that Westport's acts and omissions constituted a breach of its contractual duties and obligations, and that Plaintiffs suffered damages as a result. However, to determine whether the Complaint states a claim in this insurance contract dispute, we must consider whether Plaintiffs' allegations of breach find support in the allegations in the Texas complaint and the Policy.

With respect to Plaintiffs' claim that Westport breached the duty to defend, see supra n.2, Westport's argument that Plaintiffs have failed to state a claim is without merit. Based on a liberal reading of the underlying complaint in the Texas Action, and construing all doubts in favor of the insured, we conclude that there was a potential for the claims against S&D in the Texas complaint to come within the Policy's coverage despite the existence of the Notary Exclusion.[4] Indeed, although the Texas complaint alleges that Manley was acting in the course and scope of her employment with S&D when she notarized the Guaranty, this is a legal conclusion, see Hastings v. Pennsylvania. Nat'l Mut. Cas. Ins. Co., 595 A.2d 1150 (Pa. Super. Ct. 1991), and the Texas complaint contains no meaningful factual averments to support it. Consequently, we will not dismiss Plaintiffs' claim for breach of this duty based on the Notary Exclusion.

We also find that Plaintiffs have stated a claim that Westport breached the duty to indemnify. Whether Manley was actually working within the scope of her employment when she notarized the Guaranty is critical to the determination of whether Westport has a duty to indemnify Plaintiffs in

---

[4]This is consistent with Westport's initial response upon receipt of the complaint in the Texas Action. At that time, Westport agreed to provide a defense in the Texas Action subject to a reservation of rights.

the Texas Action.  The parties dispute this legal issue and the record has not been developed

sufficiently for us to reach a conclusion as a matter of law.  We, therefore, find that Plaintiffs may

be entitled to relief, and reject Westport's argument that Plaintiffs have failed to state a claim for

breach of the duty to indemnify.  Accordingly, we deny Westport's Motion to Dismiss in its entirety.[5]

BY THE COURT:


s/ John R. Padova, J.
John R. Padova, J.

---

[5]In the alternative, Westport requests that we grant it summary judgment in its favor on the breach of contract claim.  To that end, it has attached additional submissions to its Reply and has argued that Plaintiffs have failed to proffer any of their own submissions to support their contention that Manley was not acting within the scope of her employment at the time she notarized the Guaranty.  At this time, given the limited discovery that has taken place, we find that it is premature for us to address Westport's motion as a motion for summary judgment, and we decline to do so.

8